UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT M. CARMICHAEL,**

    Plaintiff,

  -vs-              Case No. 12-C-673

**DENEEN F. McCLINTON,**
**and SUE L. COLBURN,**

    Defendants.

---

## DECISION AND ORDER

---

  This action was filed by pro se Plaintiff Robert M. Carmichael ("Carmichael") against Defendants Deneen F. McClinton ("McClinton") and Sue L. Colburn ("Colburn") (collectively the "Defendants") for alleged violations of 42 U.S.C § 1983. Carmichael also filed a petition for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated herein, the Court denies Carmichael's request to proceed *in forma pauperis* and dismisses Carmichael's complaint and this action.

### Petition to Proceed *in Forma Pauperis*

  By his petition for leave to proceed *in forma pauperis*, Carmichael seeks permission to proceed without the prepayment of fees and/or costs. In his signed and sworn petition, Carmichael declared under perjury of law, *inter alia*, that he and his spouse have a total monthly income of $0.00, which includes salary, child support, public assistance, unemployment compensation, and other incoming monies. Carmichael also declares that his

total monthly expenses are $2,305.00. Carmichael's expenses and income do not add up. It is unclear how Carmichael can have expenses of over $2,000 and yet have no income to cover those expenses. At this juncture, the Court denies Carmichael's request to proceed *in forma pauperis* and reminds him that he is subject to a penalty of perjury for any false information that he provides this Court.

Of additional concern in that regard is Carmichael's current report that his home has a value of $111,000 as compared to $135,000 on May 10, 2012, as indicated in *Carmichael v. Triad Financial Corporation,* No. 12-C-283 (E.D. Wis.) and three other actions he filed in this District*, Carmichael v. Department of Workforce Development*, Case No. 12-C-284, *Carmichael v. McClinton*, Case No. 12-C-285 (the "285 action"), *Carmichael v. Landmark Credit Union*, Case No. 12-C-286, and that he now has only has $100 in cash or in account(s) as compared to $5,000 on May 10, 2012. In addition, he newly reports a 401(k) that he values at $300. A district court may dismiss a complaint if a plaintiff's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). Carmichael's representations regarding his finances are highly suspicious when compared to those that he made in May of this year in his earlier filed actions. There is another critical flaw with respect to Carmichael's claim – which is essentially the same as his Complaint in the 285 action that was dismissed by an order and judgment entered on May 18, 2012.

**The § 1983 Civil Action**

Carmichael's Complaint asserts that the Defendants deprived him of a right secured by the Constitution or laws of the United States in violation of, presumably, 42 U.S.C § 1983.[1] Title 42, United States Code, Section 1983 provides that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778 (7th Cir.1999); see also 28 U.S.C. § 1915(e)(2). Consequently, pursuant to 28 U.S.C.

---

[1] In his Complaint, Carmichael asserts that the Defendants violated a non-existent federal statute: 42 *U.S.A* § 1983. (Compl. ¶ 14) (emphasis added).

§ 1915(e)(2)(B)(ii), the Court must dismiss a case at any time if the Court determines that the action fails to state a claim on which relief may be granted. The standard for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De Walt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id*. at 612. To avoid dismissal for failure to state a claim, the Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In determining whether the Complaint states a cause of action, all of the factual allegations contained in the Complaint are accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." Id. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The sparsely worded Complaint states that McClinton, who was represented by Colburn, a Wisconsin attorney, filed an action in the Milwaukee County Circuit Court against Carmichael alleging that he slandered McClinton, seeking $5,000 in damages. (Compl. ¶ 2-3). Carmichael filed a counterclaim seeking $5,000 in damages. (*Id.* at ¶ 5.) McClinton dismissed the state court complaint during mediation. (*Id*. at ¶ 6.) Carmichael's claim was dismissed as frivolous. (Id. at ¶ 13.)

Carmichael states that Colburn claimed, on behalf of McClinton, that McClinton was named as personal representative of the estate of Carmichael's deceased sister, Shirley Carmichael ("Shirley").[2] (*Id*. at ¶ 7.) Shirley had an insurance policy issued by McClinton's employer. (*Id*. at ¶ 9.) Carmichael also states that McClinton is serving as the personal representative for Shirley's estate and has complete control of those assets. (*Id*. at ¶¶ 8, 12.)

The foregoing allegations of Carmichael's Complaint are essentially identical to those of the 285 action. However, in this action, Carmichael adds the allegation that "the defendants deprived . . . Carmichael of a right secured by the [C]onstitution or laws of the United States, among other violations, the defendants violated 42 U.S.C. § 1983." (*Id*. at ¶ 14.) He also has increased the total claimed damages to 50 million in this action as compared to one million dollars in the 285 action.

Based on the factual allegations of the Complaint, it is unclear what constitutional rights Carmichael believes that the Defendants have violated. Moreover, even

---

[2]The Court departs from its usual practice of referring to individuals by surname, referring to Carmichael's deceased sister by her given name to identify her, since both she and the Plaintiff have the same surname.

-5-

if a constitutional violation was divined, the allegations do not give rise to any plausible claim that either Defendant acted under color of state law. *See Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822-–23 & n.6 (7th Cir. 2009). "Acted under color of state law" is a term of art under § 1983. *See Filarsky v. Delia*, ___ U.S. ___ , 132 S.Ct. 1657, 1661-62 (2012).

The defendants in § 1983 cases are usually government officials. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010); *see also Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010)("A private citizen may not be liable under § 1983 unless the citizen becomes a public officer *pro tem* or conspires with a public employee to deprive a person of his constitutional rights."). Although private persons may be sued under § 1983 when they act under color of state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful. *London*, 600 F.3d at 746.

Two conditions must be satisfied in order for a private party's actions to be deemed taken under color of state law. The first condition is that alleged deprivation of federal rights must have been caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible. *Id*. Misuse of a state law by a private party, however, does not satisfy this requirement. *Id*. The second condition is that the private party must be a person who may fairly be said to be a state actor. *Id*.

Despite a liberal construction, Carmichael's Complaint does not allege that either Defendant acted under state law. The act of filing a lawsuit or filing a lawsuit on

-6-

behalf on an individual does not transform a private party into a state actor. If Carmichael believe that Colburn, as private attorney, violated her attorney's oath or any of the rules of professional conduct for attorneys, the proper remedy would be to file a grievance with the Wisconsin Office of Lawyer Regulation, not to file a complaint in federal court.

Moreover, Carmichael has refiled an action with same factual allegations as the 285 action which was dismissed for lack of subject matter jurisdiction. Carmichael is advised that this Court has the power to limit the filing of a future frivolous actions by Carmichael and to impose monetary sanctions upon him for such conduct. *See Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007). While, at this time, the Court will not exercise that power, Carmichael is advised that the Court will not hesitate to do so if he persists in filing frivolous and/or repetitive actions.

Accordingly, as Carmichael has failed to plead any facts that support his § 1983 claim, this Court dismisses Carmichael's Complaint and this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Carmichael's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**;

Carmichael's Complaint and this action are **DISMISSED**; and,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2012.

                                      **BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**